Scott M. Grace S.B.N. 236621
The Grace Law Group, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: (619)-346-4600
Fax:  (619)-501-8106

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDE GARIBAY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　Defendant. | Case No.: **'18CV1697 BEN JLB**<br><br>COMPLAINT<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.　　This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, HEIDE GARIBAY, (hereinafter PLAINTIFF) against PORTFOLIO RECOVERY ASSOCIATES, LLC (Hereinafter DEFENDANT) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et seq*. (hereinafter "Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to plaintiffs' counsel, which Plaintiff alleges on personal knowledge.

3.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4.    This action arises out of Defendant's repeated violations of the FDCPA under 15 U.S.C. §1692, *et seq*. and repeated violations of the California Rosenthal Act under California Code of Civil Procedure §1788, *et seq*.

5.    Jurisdiction arises pursuant to 28 U.S.C. §1337, 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6.    As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendant for purposes of this action.

7.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

8.    Plaintiff is a natural person residing in Garden Grove, California, and is a consumer within the meaning of 15 U.S.C §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a credit card debt, allegedly owed to Portfolio Recovery Associates, LLC, (hereinafter "Debt") and a "debtor" as that term is defined pursuant to California Code of Civil Procedure §1788.2(h) of the California Rosenthal Act.

9.    Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a Delaware limited liability company with a principal office located at 120 Corporate Blvd, Norfolk, VA 23502, and conducting business as a debt collector in the state of

California with an address located at 4330 La Jolla Village Drive, Suite 310, San Diego, CA 92122.

10. At all times relevant herein, Defendant was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA, and "consumer debts" as defined by California Code of Civil Procedure §1788.2(f) of the Rosenthal Act.

11. At all times relevant herein, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC was a company engaged by use of the mails and/or telephone, in a business the principal purpose of which is collecting debts, and is therefore a "debt collector" as defined by 15 U.S.C. §1692a(5) of the FDCPA.

12. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and California Code of Civil Procedure §1788.2(c) of the Rosenthal Act.

13. The true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible for the violative conduct alleged in this Complaint, and proximately caused Plaintiff's damages.

## FACTUAL ALLEGATIONS

14. On or about October 1, 2015, Plaintiff allegedly became delinquent on a consumer debt owed to Capital One Bank (USA) N.A. for personal, household, or family purposes. Plaintiff neither admits nor denies that the alleged debt is valid.

15. On or about July 25, 2017, the alleged debt was assigned, placed, or otherwise transferred to Defendant Portfolio Recovery Associates, LLC for collection.

16. On or about August 7, 2017, Defendant Portfolio Recovery Associates, LLC mailed a collection letter to Plaintiff attempting to collect the alleged debt.

17. On or about September 11, 2017, Plaintiff hired the Law Firm of Luftman, Heck & Associates, LLP (hereinafter "Luftman, Heck & Associates") to represent her with respect to the alleged Debt that Defendant Portfolio Recovery Associates, LLC was attempting to collect.

18. On or about September 11, 2017, Plaintiff executed a signed Power of Attorney appointing the law office of Luftman, Heck & Associates, LLP to represent her with respect to the alleged account.

19. On September 12, 2017, counsel for Plaintiff delivered a copy of the signed Power of Attorney appointing the law office of Luftman, Heck & Associates, LLP to represent Plaintiff with respect to the alleged account to Defendant Portfolio Recovery Associates, LLC via facsimile (Exhibit 1) and email (Exhibit 2).

20. Despite having knowledge that Plaintiff was represented by counsel, and despite knowing that Defendant never received permission from Plaintiff's counsel to contact Plaintiff, Defendant thereafter began to contact Defendant directly regarding the alleged account on or about December 29, 2017.

21. On December 29, 2017, Defendant called Plaintiff (Exhibit 3) at her home address, and continued to call Defendant repeatedly despite previously having received the Power of Attorney appointing the law office of Luftman, Heck & Associates, LLP, and despite knowing that Plaintiff was represented by Luftman, Heck & Associates, LLP, and without permission to contact Defendant directly.

22. On January 4, 2018, Defendant called Plaintiff (Exhibit 3) at her home address again, despite previously having received the Power of Attorney appointing the law office of Luftman, Heck & Associates, LLP, and despite knowing that Plaintiff was represented by Luftman, Heck & Associates, LLP, and without permission to contact Defendant directly.

23. On January 5, 2018, Defendant called Plaintiff (Exhibit 3) at her home address again, despite previously having received the Power of Attorney appointing the law office of Luftman, Heck & Associates, LLP, and despite knowing that Plaintiff was represented by Luftman, Heck & Associates, LLP, and without permission to contact Defendant directly.

24. On January 12, 2018, Defendant called Plaintiff (Exhibit 4) at her home address again, despite previously receiving the Power of Attorney, and despite knowing that Plaintiff was represented by Luftman, Heck & Associates, LLP, and without permission to contact Defendant directly.

25. Defendant knew or could readily ascertain Plaintiff's attorney's name and address, and in fact had knowledge of Plaintiff's attorney's name and address, as evidenced by communications between Plaintiff's counsel and Defendant's counsel.

26. At all times herein, Defendant was attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA and a consumer debt as defined by California Code of Civil Procedure §1788.2(f) of the Rosenthal Act.

27. Defendants knew that Plaintiff was represented by counsel when Defendant made the impermissible phone calls to Plaintiff between the dates of December 29, 2017 to January 12, 2018.

28. Defendant knew or could readily ascertain that Plaintiff's counsel had not consented to Defendant initiating direct communications with Plaintiff.

29. Plaintiff suffered harm as a result of Defendant's repeated and continuous phone calls to Plaintiff, which were made with the intent to annoy, abuse, and/or harass Plaintiff, and which caused Plaintiff annoyance, confusion, and stress.

## **FIRST CLAIM FOR RELEIF**
### **(Violations of the FDCPA)**

30. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

5
COMPLAINT

31. Defendants violated the FDCPA. The violations include, but are not limited to, the following:

(1) communicating with the consumer by means of the above mentioned notices and/or phone calls while knowing Defendant was represented by counsel in violation of 15 U.S.C. §1692c(a)(2) of the FDCPA;

(2) engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt in violation of 15 U.S.C. 1692d of the FDCPA.

32. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF
### (Claim for violations of the Rosenthal Act)

33. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

34. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to California Code of Civil Procedure §1788.17. Defendant's violations of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 31 above.

35. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to California Code of Civil Procedure §1788.30(b) of the Rosenthal Act.

36. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendants and each of them;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendant;

3. An award of actual damages pursuant to California Code of Civil Procedure §1788.30(a) of the Rosenthal Act, against Defendant;

4. An award of statutory damages of $1,000.00 pursuant to California Code of Civil Procedure §1788.30(b) of the Rosenthal Act against Defendant.

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3) of the FDCPA against Defendant and California Code of Civil Procedure §1788.30(c) of the Rosenthal Act, against Defendant.

6. Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 25, 2018

The Grace Law Group, APC
By s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com

7
COMPLAINT